USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-30-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE NAMENDA INDIRECT PURCHASER
ANTITRUST LITIGATION

[MSP Action]

C.A. No. 15-cv-6549-CM-RWL

## STIPULATION AND ORDER REGARDING USE OF EVIDENCE FROM OTHER ACTIONS

WHEREAS, the undersigned parties ("Parties") have conferred regarding the use of certain evidence in this action;

WHEREAS, to avoid redundancies and duplication of earlier evidence;

WHEREAS, this stipulation will promote efficiencies in the non-duplicative discovery that will be taken in this action;

WHEREAS, a stipulation regarding the below was entered with respect to *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, No. 15-cv-06549-CM (S.D.N.Y.) (the "IPP Action") (*see* ECF No. 206);

WHEREAS *MSP Recovery Claims, Series LLC v. Allergan plc*, No. 19-cv-10184 (S.D.N.Y.) was consolidated with the IPP Action (*See* ECF No. 314);

NOW, THEREFORE, Allergan plc, and Forest Laboratories, LLC, Merz Pharmaceuticals GmbH, Merz GmbH & Co. KGaA, and Merz Pharma GmbH & Co. KGaA ("Forest and Merz Defendants"), and MSP Recovery Claims, Series LLC and MSPA Claims 1, LLC ("MSP") hereby stipulate by and between the Parties through their respective counsel, as follows:

1) The following categories of evidence from *The People of the State of New York v. Actavis, et al.*, Case No. 14-cv-7473 (S.D.N.Y.) (the "NYAG Action"), *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-07488-CM (S.D.N.Y.) (the "DPP Action"), and already taken in the IPP Action are deemed to be, and shall be treated as if they were, submitted or taken in this case:

    a. All of Forest and Merz Defendants' written responses to interrogatories or requests for admission;

    b. All declarations;

    c. All deposition, hearing, or investigational testimony (including all transcripts and videos thereof);

    d. [As modified by the Court:] ~~All expert reports and supporting data and materials relied upon;~~ As already determined by Judge McMahon, wholesale use and adoption in this case of expert reports from the DPP Action would be "impossible" (Dkt. 370). To the extent the parties intend to make evidentiary use of the DPP Action (or NYAG Action) expert reports or depositions (for example, as suggested by Plaintiff counsel, by having newly retained experts rely on material from the DPP expert reports), the permissibility and admissibility – if any – of such use shall be determined by the Court in connection with summary judgment and/or trial.

    e. All exhibits to any item listed in subsections (b)-(d) above; and

    f. All press releases and other public statements made by parties to the NYAG Action regarding the possible withdrawal and continuing availability of Namenda IR.

2) The Parties agree that they will not object to the admissibility of deposition, hearing, or investigational testimony and all other evidence referenced in section (1) above on the grounds that it otherwise would violate Federal Rule of Evidence 802 or Federal Rule of Civil Procedure 32, except that the Parties reserve the right to object to testimony on the ground that the testimony offered constitutes hearsay within hearsay. The Parties otherwise reserve all rights to object on other grounds to the relevance and/or admissibility of any evidence referenced in section (1) above.

3) The Parties reserve the right to cross-examine during depositions, hearings and at trial any witness on any topic addressed on direct examination.

4) The Parties reserve all rights to call any witness who testified in the NYAG Action, DPP Action, or the IPP Action to testify live at any trial in this case.

5) This agreement is limited to use in this action and only for the purposes of establishing the evidentiary record.

SO ORDERED.

Dated: January 30, 2020

_____
Robert W. Lehrburger, USMJ

So stipulated and agreed to by the Parties on January 29, 2020.

Respectfully submitted,

| **Allergan plc, Forest Laboratories, LLC, Merz Pharmaceuticals GmbH, Merz GmbH & Co. KGaA, and Merz Pharma GmbH & Co. KGaA** | **MSP Recovery Claims, Series LLC, and MSPA Claims 1, LLC** |
|---|---|
| _/s/ Martin M. Toto_<br>Martin M. Toto<br>Heather K. McDevitt<br>Kristen O'Shaughnessy<br>William H. Bave, III<br>WHITE & CASE LLP<br>1221 Ave of the Americas<br>New York, NY 10020<br>Tel: (212) 819-8200<br>Fax: (212) 354-8113<br><br>Kevin C. Adam<br>WHITE & CASE LLP<br>75 State Street, Floor 24<br>Boston, MA 02109<br>Telephone: (617) 979-9300 | _/s/ Christopher L. Coffin_<br>Christopher L. Coffin<br>PENDLEY, BAUDIN & COFFIN, LLP<br>1100 Poydras Street, Ste. 2505<br>New Orleans, LA 70124<br>Tel: (504) 355-0086 |